THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Keith Allen
 Clark, Appellant.
 
 
 

Appeal From Greenville County
 G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No.  2007-UP-547
Submitted November 1, 2007  Filed
December 11, 2007  

AFFIRMED

 

 
 
 
 Appellate Defender Eleanor Duffy Cleary, South Carolina
 Commission, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Julie M. Thames, Office of the Attorney
 General, of Columbia; and Solicitor Robert M. Ariail,  of Greenville, for
 Respondent.
 
 
 

PER CURIAM: Keith
 Allen Clark appeals the trial courts refusal to grant a mistrial due to
 evidence of his prior criminal background being introduced during his trial. 
 We affirm.[1]
FACTS
On the
 morning of May 1, 2004, Jane Doe, while at work, was forced into a vacant office
 by a male.  Once inside the office, Doe started screaming.  The male placed his
 hand over her mouth and told her he would kill her if she did not stop
 screaming.  Doe struggled with the male.  During the struggle, he inserted his
 hand down her shirt and started to choke her.  At some point, Doe lost
 consciousness.  When she regained consciousness, she noticed that her skirt had
 been moved up and her underwear was not on all the way.  Doe then returned
 to her office, and one of her coworkers called the police.  When the police
 arrived, Doe gave them a description of her attacker.  Doe later positively
 identified Clark in a photo line up.        
Clark was
 employed by Mitchell Contract Interiors (Mitchell) and worked as an electrician
 in the building where Doe worked.  Doe filed a suit against Mitchell alleging
 it had been negligent in hiring Clark.  As a result of the alleged attack, Clark was indicted for kidnapping and assault with intent to commit criminal sexual
 conduct.  Clarks jury trial was held February 14 - 15, 2006.  
During Clarks trial, Clarks attorney questioned Doe about the
 civil suit she had filed in an attempt to show a possible motive to lie.   During
 his cross examination of Doe, Clarks attorney asked: Isnt it true that
 approximately November 2004 you sued the company who Mr. Clark worked for? 
 Doe replied: I am suing because the company hired someone with a criminal
 background and that person attacked me.  Clarks attorney immediately asked
 for a bench conference and moved for a mistrial.  The judge denied the motion
 for a mistrial but gave a curative instruction.
The
 jury found Clark guilty on both charged crimes.  Clark now appeals the trial
 courts refusal to grant a mistrial due to evidence of his prior criminal
 background being introduced during his trial.
LAW/ANALYSIS
Following
 the judges curative instruction, Clarks attorney failed to object to the
 sufficiency of the curative instruction or move for a mistrial.  Therefore, the
 issue is not preserved for appeal.  See State v. George, 323 S.C.
 496, 511, 476 S.E.2d 903, 912 (1996) (holding appellants failure to object
 to the sufficiency of the curative instruction or move for a mistrial following
 the curative instruction rendered the issue unpreserved for appeal).  
CONCLUSION
For
 the reason stated above, the order of the trial court is
AFFIRMED.
ANDERSON,
 SHORT, and WILLIAMS JJ., concur.
 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.